# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**ROSEMARY PHINIZY,**　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　　　　　)　　**2:06cv898**
　　　　　　　　　　　　　　　　　　　　　　　)　　**Electronic Filing**
　　　　　　　　　　　　　　　　　　　　　　　)
**PHARMACARE,**　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　　　　)

## **MEMORANDUM ORDER**

AND NOW, this 24th day of July, 2008, after <u>de</u> <u>novo</u> review of the record and upon due consideration of the magistrate judge's report and recommendation filed on February 11, 2008, and plaintiff's objections thereto, IT IS ORDERED that the Defendant's Motion for Summary Judgment (Doc. No.19) be, and the same hereby is, granted. The report and recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. In light of the inability to overcome certain shortcomings in the evidentiary record, plaintiff in effect mounts an attack on the law governing her claims as established by the United States Court of Appeals for the Third Circuit and the applicable federal regulations. Of course, absent distinguishing circumstances this court is bound to apply the applicable precedent and regulations. That precedent and presumptive law strips any persuasive force from plaintiff's objections.

First, the single medical treatment plaintiff sought for her bronchitis over the two year period covered by the complaint and the single follow-up telephone contact she had with her health care provider for this condition fall short of the quantum of evidence needed to establish a chronic serious health condition under any rational construction of that concept as defined by the regulations. To so hold or otherwise submit the issue to the trier of fact on such a record would conflate the concept with ailments that ordinarily clear up within a few days of self-medication and treatment and give an unfettered ability to employees to claim the protections of the FMLA

for any condition that results in sporadic absences from work.  There is no sound basis for extending the law in such a fashion.

Second, the case law is uniform in recognizing that an interference claim cannot proceed where the notice provided for any particular absence is "patently insufficient" to inform the employer that it was the result of a medical condition that might qualify for leave.  Lackman v. Recovery Services of New Jersey, 2008 WL 583660 (D.N.J. Feb. 13, 2008) at *4 (collecting cases in support).  In other words, an employer is not required to be "clairvoyant." Id. at * 3 (quoting Johnson v. Primerica, 1996 WL 34148 (S.D. N.J. Jan. 30, 1996)).  Permitting plaintiff to proceed on her December 6, 2005 absence would permit an end run around a plaintiff's minimal burden of showing the information conveyed was sufficient to "apprise the employer of the employee's request to take leave for a serious health condition that rendered [the employee] unable to perform [his or her] job" and straddle an employer with the potential for FMLA liability where no mention was ever made of a serious medical condition, a proposition that repeatedly has been rejected. Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 402-3 (3d Cir. 2007) (quoting Brenneman v. MedCentral Health Sys., 366 F.3d 412, 421 (6th Cir.2004), cert. denied, 543 U.S. 1146 (2005) and collecting cases holding that the failure to mention a serious medical condition warranted the granting of summary judgment).

Third, the elements of a FMLA retaliation claim are well established.  See Conoshenti v. Public Service Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir 2004).  Plaintiff never applied for FMLA leave and any inquiry she made about its availability was too remote to expect Pharmacare to infer a connection between the inquiries and the absences.   Once again, the employer cannot be expected to be clairvoyant.  And plaintiff's inability to proffer sufficient evidence to sustain her burden of proof on the first element does not warrant the application of some other body of law that plaintiff  perceives to be more favorable.

Finally, plaintiff's inability to advance sufficient evidence to sustain findings on the elements of her claims renders moot her quibble with the panel's directive in Lauren W. v.

DeFlaminis, 480 F.3d 259, 271-72 (3d Cir. 2007) regarding the treatment of the testimony from the moving party's interested but uncontradicted witnesses at summary judgment. Plaintiff has not even attempted to explain how following her proposed treatment of defendant's uncontradicted witnesses would change her failures to proffer sufficient evidence to permit findings on all essential elements of the causes of actions at issue. One does not prove entitlement to affirmative relief simply by claiming the opposing party cannot disprove the general allegations advanced to meet the form of notice pleading under the Federal Rules of Civil Procedure. And in any event, the referenced observation in Lauren W. essentially stands for the unremarkable proposition that a supported motion for summary judgment cannot be defeated by mere allegation or conjecture alone. See Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989) (The non-moving party "must present affirmative evidence in order to defeat a properly supported motion" and cannot "simply reassert factually unsupported allegations." ); Harter v. GAF Corp., 967 F.2d 846 (3d Cir. 1992) (non-moving party cannot "merely rely upon conclusory allegations in [its] pleadings or in memoranda and briefs" to defeat motion for summary judgment); Robertson v. Allied Signal, Inc., 914 F.2d 360, 382-83 n.12 (3d Cir. 1990) (Mere conjecture or speculation by the party resisting summary judgment will not provide a basis upon which to deny the motion.). Plaintiff's assault on Lauren W. is at base nothing more an effort to overcome this longstanding and well settled principle governing the disposition of a Rule 56 motion and must be rejected.

                                                      s/ David Stewart Cercone
                                                      David Stewart Cercone
                                                      United States District Judge

cc:      Honorable Amy Reynolds Hay
           United States Magistrate Judge

John E. Black, III
Samuel J. Cordes
Ogg, Cordes, Murphy & Ignelzi
245 Fort Pitt Boulevard
Fourth Floor
Pittsburgh, PA 15222

Maria Greco Danaher, Esquire
Marla N. Presley, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Four Gateway Center, Ste. 400
444 Liberty Ave.
Pittsburgh, PA 15222